IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| James V. Horton,<br><br>    Plaintiff,<br><br>v.<br><br>Bennettsville Police Department and City of Bennettsville,<br><br>    Defendants. | Case No.: 4:18-cv-01401-SAL<br><br><br>**OPINION AND ORDER** |

      This matter is before the Court on Defendants' Motion for Summary Judgment, ECF No. 29, filed on July 15, 2019. On November 15, 2019, Magistrate Judge Kaymani D. West issued a Report and Recommendation ("Report") pursuant to 28 U.S.C. 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), recommending that Defendants' motion be granted. *See* ECF No. 40. Plaintiff timely objected to the Report, ECF No. 42, and Defendants replied. ECF No. 43. This matter is accordingly ripe for the Court's consideration.

**I.    Background**

      Plaintiff James V. Horton brings this action as a result of his suspension, demotion, and eventual termination by the Bennettsville Police Department. He asserts claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* ("Title VII"); the Age Discrimination in Employment Act of 1967 ("ADEA"); as well as 42 U.S.C. §§ 1981 and 1983. He also pleads a state law claim of wrongful discharge in violation of public policy. The factual history of this case as set forth in the Report is incorporated herein by reference. *See* ECF No. 40 at 2-6. In summary, on January 27, 2017, Plaintiff slapped an enlisted female soldier on the buttocks during a drill

weekend with the South Carolina National Guard.[1] On April 10, 2017, Plaintiff reported the incident to Police Chief Kevin Miller ("Chief Miller") upon learning that a warrant would be issued for Plaintiff's arrest. Chief Miller suspended Plaintiff, and Plaintiff turned himself in shortly thereafter. Plaintiff was charged with second-degree assault and battery and his law enforcement certification was suspended; however, after completing pre-trial intervention, the certification was reinstated. Plaintiff then attended a meeting with police department officials on July 21, 2017, to discuss his status. Plaintiff demanded to record the meeting, and Chief Miller refused the demand. Plaintiff then left the meeting. He was subsequently terminated with the approval of City Administrator Max Alderman. The stated reason for Plaintiff's termination was that he exhibited conduct unbecoming of any Bennettsville Police Department officer, particularly one in a leadership position. Plaintiff, a white male, asserts that he was discriminated against because of his age and race. Although he was replaced by a member of his race only three years his junior, Plaintiff argues, among other things, that younger and/or minority officers were subject to less severe discipline than he on other occasions.

In the thoroughly reasoned Report, the Magistrate Judge concluded that Plaintiff failed to carry his burden at the summary judgment stage on each of his claims against Defendants. *See* ECF No. 40 at 8-25. Plaintiff, in his objections, summarily argues that (1) he has provided enough evidence to create a question of fact on the issue of whether comparator employees were similarly situated or committed substantially similar offenses; (2) he has sufficiently rebutted Defendants' non-discriminatory justification for his termination; and (3) he has provided evidence to support a finding that his constitutional rights were violated. *See* ECF No. 42 at 3-6. Plaintiff presented each of these arguments to the Magistrate Judge in its Response in Opposition to Defendants' Motion

---

[1] Other prior incidents of misconduct are described more fully in the Report. ECF No. 40 at 2.

for Summary Judgment. ECF No. 33. In reply to Plaintiff's objections, Defendants assert that Plaintiff's objections fail to specifically identify any error or misapprehension in the Report such that de novo review is unnecessary. The Court agrees.

## II.     Legal Standard

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is charged with making a de novo determination of only those portions of the Report that have been specifically objected to, and the Court may accept, reject, or modify the Report, in whole or in part. 28 U.S.C. § 636(b)(1). In the absence of objections, the Court is not required to provide an explanation for adopting the Report and must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citing Fed. R. Civ. P. 72 advisory committee's note).

## III.    Discussion

Plaintiff does not offer any specific objections to the Report; rather, he reiterates those arguments previously considered by the Magistrate Judge in a condensed format. The Court therefore declines to engage in de novo review of any portion of the Report.

Under Rule 72 of the Federal Ruled of Civil Procedure, a party wishing to object must do so with specificity. Fed. R. Civ. P. 72(b)(2) (requiring "specific written objections"). Only portions of a magistrate judge's report and recommendation that have been properly objected to demand de novo review. Fed. R. Civ. P. 72(b)(3). Vague, general, or conclusory objections not directed toward any particular portion of a magistrate judge's findings or reasoning defeat the purpose of initial screening, and presented with such objections, a court will review a report and

recommendation for clear error. *See, e.g.*, *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982); *Ruff v. United States*, No. 1:17-cv-148, 2018 WL 2981167, at *1 (N.D.W. Va. June 14, 2018). Likewise, merely reiterating the same arguments presented to a magistrate judge does not constitute a specific objection warranting de novo review. *Durkee v. C.H. Robinson Worldwide, Inc.*, 765 F. Supp. 2d 742, 747 (W.D.N.C. 2011), *aff'd sub nom. Durkee v. Geologic Sols., Inc.*, 502 F. App'x 326 (4th Cir. 2013). A litigant cannot obtain de novo review by "merely reformatting an earlier brief as an objection." *Veney v. Astrue*, 539 F. Supp. 2d 841, 846 (W.D. Va. 2008).

Here, Plaintiff reiterates in conclusory fashion the arguments presented to the Magistrate Judge. To be sure, Plaintiff's objection, *see* ECF No. 42 at 4-5, contains paragraphs of text copied directly from its response in opposition to summary judgment. *See* ECF Nos. 33 at 11. Plaintiff failed to object with specificity, waiving de novo review of the Report. *See* ECF No. 42 at 6 ("Plaintiff repeats and realleges the arguments advanced in the opposition to motion for summary judgment to support Plaintiff's objection . . . ."). Finding no clear error in the Report, the Court adopts it in whole, and grants Defendants' Motion for Summary Judgment.

**IV.   Conclusion**

After a thorough review of the Report, the parties' objections, and the record in this case in accordance with the applicable standard, the Court GRANTS Defendants' Motion for Summary Judgment, ECF No. 29, and Plaintiff's claims are hereby DISMISSED with prejudice.

IT IS SO ORDERED.

s/Sherri A. Lydon<br>United States District Judge

May 4, 2020

Florence, South Carolina